GEORGE H. QUINN AND HENRY C. FARSON, Jr., PLAIN-
TIFFS-APPELLEES, v. JOSEPH M. C. AMENDOLA ET
UX., DEFENDANTS-APPELLANTS.

Submitted May 13, 1927—Decided October 4, 1927.

Sale of Real Estate—Broker's Commissions—Oral Agreements—
If Agreements Call for Payment of Commission, They Must
be in Writing—A Contract as Signed by the Parties Takes
in All That They Have Agreed to, and Anything That is Not
in That Contract Cannot be Added to by Somebody Giving
Parol Testimony.

On appeal from the District Court.

Before Justices PARKER, MINTURN and CAMPBELL.

For the appellants, Charles Jones.

For the appellees, Howe & Davis.

PER CURIAM.

The suit is for brokers' commissions on a sale of real es-
tate. The contract between vendors and purchasers (each
putting in real estate at an agreed valuation) contained the
following clause:

"And the said parties of the first and second part hereby
agree [sic] to pay to the licensed and authorized agents,
George H. Quinn and Henry C. Farson, Jr., a commission
of three and one-half per cent. on the purchase price afore-
said, as per separate agreements."

The crux of the case lay in the last four words, "as per
separate agreements." On the trial it appeared that the
"separate agreement" bearing on the liability of the Amen-
dolas was oral and not written a feature which naturally
raised a discussion of section 10 of the statute of frauds.
Defendants insisted that by the oral "separate agreement"
no commission was payable unless and until certain conditions

precedent had been met, and some testimony got into the case as to what that oral agreement was. The court charged the jury, and the instructions are assigned as the first two grounds of appeal:

"Here is an agreement in writing; they say 'as per separate agreements.' If these separate agreements call for the payment of commissions, they must be in writing."

And again:

".A contract as signed by the parties takes in all that they have agreed upon, and anything that is not in that contract cannot be added to by somebody giving verbal testimony."

These instructions were manifestly correct. The writing was on its face incomplete; and the rule, as we think, is settled under the statute of frauds that such a contract cannot be completed by parol testimony. *Johnson* v. *Buck,* 35 *N. J. L.* 338; *Schenck* v. *Spring Lake Assn.,* 47 *N. J. Eq.* 44. The legal effect of this incomplete contract is not before us, as there was no motion to nonsuit or to direct a verdict, and no request to charge. The rule in *Naumberg* v. *Young,* 44 *N. J. L.* 331, is inapplicable because of the statute of frauds.

Two other grounds of appeal are assigned. Of these, the first (No. 3) fails to point out any judicial ruling, and the last challenges a question as to whether a Mr. Hey made a certain statement. As the answer was that he did not, it is obvious that the admission of the question, if erroneous, was harmless.

The judgment is affirmed.